**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
  seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
  marie@gutridesafier.com
Hayley A. Reynolds (State Bar No. 306427)
  hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

*Attorneys for Plaintiff*
*Lynn Zimmerman*

**FARELLA BRAUN + MARTEL LLP**
Thomas B. Mayhew (State Bar No. 183539)
  TMayhew@fbm.com
Elizabeth A. Dorsi (State Bar No. 282285)
  edorsi@fbm.com
Daniel A. Contreras (State Bar No. 329632)
  dcontreras@fbm.com
One Bush Street, 9th Floor

San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile:  (415) 954-4480

**PATTERSON BELKNAP WEBB & TYLER LLP**
Joshua Kipnees (*pro hac vice*)
  jkipnees@pbwt.com
Emma Ellman-Golan (*pro hac vice*)
  eellmangolan@pbwt.com
Elianni de la Cruz (*pro hac vice*)
  edelacruz@pbwt.com
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2110

*Attorneys for Defendant*
*L'Oréal USA, Inc.*

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN ZIMMERMAN, an individual, on behalf of herself, the general public, and those similarly situated,<br><br>     Plaintiff,<br><br> v.<br><br>L'ORÉAL USA, INC.,<br><br>     Defendant. | Case No. 4:22-cv-07609-HSG<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Hon. Haywood S. Gilliam, Jr. |

    WHEREAS during the course of the above-captioned litigation (the "Litigation"),

Plaintiff Lynn Zimmerman ("Plaintiff"), Defendant L'Oréal USA, Inc. ("L'Oréal," and together

with Plaintiff, "the Parties"), and certain non-parties may be subject to discovery requests,

subpoenas, and/or proceedings which seek disclosure of information that constitutes or contains

trade secrets or other confidential research, development, or commercial information within the meaning of Federal Rule of Civil Procedure 26(c);

WHEREAS the Parties wish to preserve the confidentiality of such information through the use of a protective order (this "Protective Order" or "Order"); and

WHEREAS the Parties have a legitimate interest in maintaining the confidentiality of confidential and/or proprietary information that may be produced in this Litigation, and would otherwise suffer immediate and serious injury if the confidentiality of such information were not maintained;

IT IS HEREBY STIPULATED AND AGREED, by and through undersigned counsel and subject to approval by the Court, that this Order and the procedures set forth herein shall govern the designation and protection of Protected Material.

THEREFORE, the Parties having stipulated, the Court, for good cause shown, hereby ORDERS:

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Paragraph 12.4, below, that this Order does not entitle them to file Confidential Information or Highly Confidential – Attorneys' Eyes Only Information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

**2.    DEFINITIONS**

2.1    Action: This pending federal lawsuit, *Lynn Zimmerman. v. L'Oréal USA, Inc.*, Case No. 4:22-07609-HSG (N.D. Cal.)

2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    CONFIDENTIAL Information: information (regardless of how it is generated, stored or maintained), any hardcopy or electronic document, testimony (*i.e.*, depositions, declarations, or other pre-trial statements in this Action),  and any other copies, data, extracts, compilations, summaries, reports, tangible things, or information obtained, derived, or generated from such material that the party designating the material as "CONFIDENTIAL" reasonably believes qualifies for protection under Federal Rule of Civil Procedure 26(c), which may include:

(a)  Non-public communications with regulators or other governmental bodies that are protected from disclosure by statute or regulation; and/or

(b)    Information, materials, and/or other documents reflecting non-public business or financial strategies, and/or confidential competitive information which, if disclosed, would result in competitive harm to the disclosing Party.

However, the protections conferred by this Order do not cover the following information:

(a)  any information that is in the public domain at the time of disclosure to a Receiving Party or that becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and/or

(b)  any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

2.4    Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter, including but not limited to, answers to interrogatories, responses to requests for production, responses to requests for admission, and transcripts of depositions and hearings (or portions of such transcripts).

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     In-House Counsel: attorneys who are employees of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" INFORMATION: extremely sensitive Protected Material that the Producing Party believes in good faith could cause competitive injury if disclosed to a competitor.  Highly Confidential – Attorneys' Eyes Only Information is limited to trade secret information.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11    Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated and/or associated with a law firm which has appeared on behalf of that Party, and their support staff.

2.12    Party: any party to this Action, including all of its officers, directors, employees, Experts, and Outside Counsel of Record (and their support staffs).

2.13 <u>Producing Party</u>: a Party or non-Party that produces Disclosure or Discovery Material in this Action.

2.14 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) to a Party and their employees and subcontractors.

2.15 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16 <u>Receiving Party</u>: a Party that received Disclosure or Discovery Material from a Producing Party.

**3.   <u>SCOPE</u>**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentation by Parties or their Counsel that might reveal Protected Material. This Order is binding upon all current and future Parties in this action (including their respective corporate parents, subsidiaries, affiliates, successors, and attorneys and all other representatives or agents), their counsel, and all signatories to Exhibit A, "Acknowledgment and Agreement to Be Bound" (deemed to be part of this Order), and all other persons or entities authorized under this Order or any other Order of this Court to receive or view Protected Material. This Order does not preclude any Party in this action from seeking further order of this Court, including modification of this Order, or from objecting to discovery that the Party believes to be improper. Nothing herein shall be construed as an admission or concession by a Designating Party that any Protected Material constitutes relevant, material, or admissible evidence in this matter. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4.      DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. This Court will retain jurisdiction to enforce the terms of this Order.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2      Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., Paragraph 5.2(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

1         (a) <u>For information in documentary form</u> (e.g., paper or electronic documents,

2    but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

3    Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

4    EYES ONLY" to each page that contains protected material or to the cover page of bound or

5    grouped material. If only a portion or portions of the material on a page qualifies for protection,

6    the Producing Party must clearly identify the protected portion(s) (e.g., by making appropriate

7    markings in the margins).

8         (b) <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, that

9    the Designating Party identify on the record, before the close of the deposition, hearing, or other

10   proceeding, or within thirty (30) days of receipt of the deposition transcript from the court

11   reporter ("30-day period") all protected testimony, Disclosure or Discovery Material. With

12   respect to deposition testimony, the entire deposition transcript will be considered by the Parties

13   as "CONFIDENTIAL" during the 30-day period. After the 30-day period, if no Party has

14   designated some or all of that deposition transcript as "CONFIDENTIAL" or "HIGHLY

15   CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Protective Order, the entire

16   deposition, or those portions of the deposition not designated as confidential, will no longer be

17   considered confidential.

18        (c) <u>For information produced in some form other than documentary and for any</u>

19   <u>other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the

20   container or containers in which the information or item is stored the legend "CONFIDENTIAL"

21   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions

22   of the information or item warrant protection, the Producing Party, to the extent practicable, shall

23   identify the protected portion(s). For any information transmitted by electronic means, the label

24   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall

25   appear on the subject of the electronic mail, or in the filename or on the title of the digital

26   document or documents or other media through which they are conveyed.

27

28

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, *et seq.*

6.3     <u>Judicial Intervention</u>. If the Meet and Confer does not resolve the Parties' dispute as to the at-issue designations, the challenge may be submitted to the Court pursuant to the procedures described in Paragraphs 19 and 20 of the undersigned's Civil Standing Order. The burden of proving the confidentiality of designated persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on the other parties) may expose the Challenging Party to sanctions.- Unless the Designating Party has expressly waived the confidentiality designation or until the court has ruled on the disputed at-issue designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of paragraph 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving

Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following individuals under the following conditions:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)  The Parties (including In-House Counsel);

(c)  Experts (as defined in this Order) of the Producing Party may be shown or examined on any information, document or thing designated "CONFIDENTIAL" by the Producing Party;

(d) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)   any deponent may be shown or examined on any information, document or thing designated "CONFIDENTIAL" if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein, or was employed by the Producing Party at the time the information, document or thing was created, or if the Producing Party consents to such disclosure. Any deponent who meets these criteria and is no longer employed by the Producing Party shall be first required to sign the Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  any other person as to whom the Designating Party has consented to disclosure in advance;

(h)  such other persons as the Parties may agree or may be ordered by the Court; and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the following individuals under the following conditions:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)  the Receiving Party's In-House Counsel;

(d)  Experts (as defined in this Order) of the Producing Party may be shown or examined on any information, document or thing designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the Producing Party;

(e)  Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  the Court and its personnel;

(g)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)  a deponent may be shown or examined on any information, document or thing designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it appears

that the witness authored or received a copy of it, if the witness is a current employee of the Designating Party to whom disclosure is reasonably necessary, or if the Producing Party consents to such disclosure.  A deponent who meets these criteria and is no longer employed by the Producing Party shall be first required to sign the Acknowledgment and Agreement to Be Bound" (Exhibit A);

(i)  any other person as to whom the Designating Party has consented to disclosure in advance;

(j)  such other persons as the Parties may agree or may be ordered by the Court; and

(k) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

## 8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or a court order issued in other litigation or arbitration, or by a government agency or entity, that would compel disclosure of any information or items designated in this Action as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must:

(a)  promptly notify in writing the Designating Party (by email to the Designating Party's counsel of record).  Such notification must include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation or arbitration, or the government agency or entity, that issued the subpoena, that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any information designated in this Action as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court or arbitrator(s) with jurisdiction over the subpoena or order, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court or arbitral forum of its "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.** **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)  The terms of this Order are applicable to information produced by a Non- Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce

the Non-Party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) use its best efforts to procure from such person or persons an executed version of the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

The Parties have agreed that they do not intend to disclose privileged information. Pursuant to Federal Rule of Evidence 502(d) and 28 U.S.C. § 1738, any disclosure of privileged information shall not constitute in this or any other action a waiver or forfeiture of any privilege otherwise attaching to the disclosed information and its subject matter, and this Order shall be enforceable and granted full faith and credit in all other state and federal proceedings.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B), with the additional requirement that if a Disclosing Party notifies the Receiving Party that Privileged Information has been disclosed,

        i.     The Receiving Party shall not, from that point onward, copy, distribute, or

otherwise use in any manner the disclosed privileged information, unless the Parties agree, or the Court orders, otherwise;

        ii.    the Receiving Party shall instruct all persons to whom the Receiving Party has disseminated the disclosed privileged information that such information is subject to this Order and may not be copied, distributed, or otherwise used; and

        iii.    the Receiving Party and all persons notified as set out in subparagraph (ii) shall, within twenty (20) days,

            a.   return, destroy, or delete disclosed privileged information and all notes or other work product revealing its content in the possession, custody, or control of the Receiving Party, its attorneys, or any person to whom the Party provided the disclosed privileged information, and

            b.   provide a certification (which may be provided through email) that all Disclosed privileged information has been returned, destroyed, or deleted.

The return of inadvertently produced Disclosure or Discovery Material subject to a claim of attorney-client privilege, work product doctrine, or another privilege or protection by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned Disclosure or Discovery Material is, in fact, properly subject to a claim of attorney-client privilege, work product immunity, or another privilege.  The inadvertent production of Disclosure or Discovery Material subject to a claim of attorney-client privilege, work product doctrine, or another privilege or protection shall not be a basis for any motion to compel the production of such Disclosure or Discovery Material.

This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to the Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work

product protection, the <u>Parties</u> may incorporate their agreement in <u>a further</u> stipulated protective order submitted to the Court.

**12.    <u>MISCELLANEOUS</u>**

12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    <u>No Modification of Privileges</u>. Nothing in this Order shall modify the law regarding the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and any other applicable privilege or reason for non-disclosure with respect to trade secrets or other confidential research, development or commercial information to the extent such privilege exists under applicable law.

12.4    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the Court.

**13.    FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final disposition of this Action, as defined in paragraph 4, above, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 4, above.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: August 1, 2023

**GUTRIDE SAFIER LLP**

*/s/ Seth A. Safier*
Seth A. Safier (State Bar No. 197427)
  seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
  marie@gutridesafier.com
Hayley A. Reynolds (State Bar No. 306427)
  hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

*Attorneys for Plaintiff*
*Lynn Zimmerman*

**FARELLA BRAUN + MARTEL LLP**

Thomas B. Mayhew (State Bar No. 183539)
  tmayhew@fbm.com
Elizabeth A. Dorsi (State Bar No. 282285)
  edorsi@fbm.com
Daniel A. Contreras (State Bar No. 329632)
  dcontreras@fbm.com
One Bush Street, 9th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile:  (415) 954-4480

**PATTERSON BELKNAP WEBB & TYLER LLP**

*/s/ Joshua Kipnees*
Joshua Kipnees (*pro hac vice*)
  jkipnees@pbwt.com
Emma Ellman-Golan (*pro hac vice*)
  eellmangolan@pbwt.com
Elianni de la Cruz (*pro hac vice*)
  edelacruz@pbwt.com
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2110

*Attorneys for Defendant*
*L'Oréal USA, Inc.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: 8/9/2023

The Honorable Haywood S. Gilliam, Jr.
United States District Judge

**EXHIBIT A**

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____, in the case of *Lynn Zimmerman. v. L'Oréal USA, Inc.*, Case No. 4:22-07609-HSG (N.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.


Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____