**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Hayley A. Reynolds (State Bar No. 306427)
hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

Attorneys for Plaintiffs

**FARELLA BRAUN+ MARTEL LLP**
Thomas B. Mayhew (State Bar No. 183539)
tmayhew@fbm.com
Elizabeth A. Dorsi (State Bar No. 282285)
edorsi@fbm.com
Daniel A. Contreras (State Bar No. 329632)
dcontreras@fbm.com
235 Montgomery Street, 17th Floor.
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

**PATTERSON BELKNAP WEBB & TYLER LLP**
Joshua Kipnees (pro hac vice)
jkipnees@pbwt.com
Hannah Brudney (pro hac vice)
hbrudney@pbwt.com
Elianni de la Cruz (pro hac vice)
edelacruz@pbwt.com
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2110

Attorneys for Defendant L'Oréal USA, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LYNN ZIMMERMAN, TONI HEUCHAN, and MARIE GIORDANO, as individuals, on behalf of themselves, the general public, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>L'ORÉAL USA, INC.<br><br>Defendant. | Case No. 4:22-cv-07609-HSG<br><br>**STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

## 1.  PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

Nothing in this protocol shall limit the right of either party in the above-captioned action (each a "Party" and together, the "Parties") to seek or object to discovery as set out in applicable rules, to rely on any protective order entered in this action concerning protection of confidential or otherwise sensitive information, or to object to the authenticity or admissibility of any hardcopy document or ESI produced in accordance with this protocol. The mere production of ESI as part of a production shall not itself constitute a waiver for any purpose.

## 2. COOPERATION

The Parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI, including with respect to proportionality of discovery, reasonable efforts to ensure discovery of important information, and early and prompt communication regarding discovery issues.  The Parties agree to meet and confer in good faith, through counsel with knowledge of the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter, to help resolve disputes without court intervention.

## 3. PROPORTIONALITY

The proportionality standard set forth in Rule 26(b)(1) shall apply to discovery in this action. Consistent with that proportionality standard, the Parties agree to cooperate in identifying appropriate limits on discovery, including limits on the number of custodians, on discoverable data sources, on the relevant period, and on the permissible scope of requests for production, specifically including the permissible scope of requests for emails. Requests for production of ESI, including requests for emails, shall be reasonably targeted, clear, and as specific as possible, rather than general discovery of a product or business, and shall take account of challenges arising from production of certain modern ESI formats.

## 4. PRESERVATION

The Parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the Parties-agree that:

a)  In general, ESI created or received before January 1, 2016, and after December 2, 2022, is not generally subject to preservation. However, this Order does not relieve a party of its obligations to preserve ESI created before January 1, 2016 and after December 2, 2022, if the party is aware of specific ESI from that time period that is likely to contain relevant and discoverable information and if an efficient method is identified to harvest such ESI;

b)  Within seven (7) days after the Parties exchange initial disclosures, the parties will exchange a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The parties shall add or remove custodians as reasonably necessary;

c)  The Parties will agree on the number of custodians per party for whom ESI will be preserved;

d)  These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources are presumed to be inaccessible and not discoverable:

(1)    ESI deleted in the normal course of business and/or before the time a preservation obligation in this matter came into effect;

(2)    Backup data files that are maintained in the normal course of business for purposes of disaster recovery, including (but not limited to) backup tapes, disks, SAN, and other forms of media, and that are substantially duplicative of data more accessible elsewhere;

(3)    Deleted, "slack," fragmented, or unallocated data only accessible by forensics;

(4)    Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system;

(5)    On-line access data such as (without limitation) temporary internet files, history files, cache files, and cookies;

(6)    Data in metadata fields frequently updated automatically, such as last-opened or last-printed dates;

(7)    Electronic data (*e.g.*, call logs, email, calendars, contact data, notes, *etc.*) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android, and Blackberry devices), if a copy of such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage);

(8)     Text messages and instant messages not retained in the ordinary course of business;

(9)     Data remaining from systems no longer in use that is unintelligible on the systems in use.

e) Consistent with the proportionality standard, and absent a Party's specific written notice for good cause, no Party shall be required to modify or suspend procedures, including rotation of backup media, used in the normal course of business to back up data and systems for disaster recovery purposes. Absent a showing of good cause, such backup media shall be considered to be not reasonably accessible.

**5. SEARCH**

The Parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI, as appropriate, in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

Where potentially responsive ESI shall be searched using search terms, the Parties agree to propose search terms they intend to employ to search for certain relevant and responsive documents. In the first instance, the requesting party will propose search terms for the consideration of the producing party.  The Parties agree to meet and confer to discuss the use of reasonable search filters such as word/phrase filters, proximity filters, or date filters, among other possible filters. The Parties will work collaboratively on any revisions to such filters, on the understanding that this may be an iterative process. Any proposed search filters shall be narrowly tailored to particular claims and defenses.  Nothing in this order shall be deemed to be a waiver of any right or responsibility of the producing Party to manage and control searches of its data files, including the right, upon notice to the receiving Party, to make good-faith revisions to search filters.

The fact that any electronic file has been identified in agreed-upon searches shall not prevent any Party from withholding such file from production on the grounds that the file is not relevant or not responsive, that it is protected from disclosure by applicable privilege or immunity, that it is governed by any applicable privacy law or regulation, that it contains

commercially sensitive or proprietary non-responsive information, or that the Protective Order entered in this Action allows the file to be withheld.

Nothing in this section shall limit a Party's right reasonably to seek agreement from the other Party or a court ruling to modify previously agreed-upon search filters.

### 6. PRODUCTION FORMATS

The Parties agree to produce load files, and to produce documents in TIFF-image format with extracted OCR text and associated metadata substantially similar to those set forth in Exhibit A, to the extent such metadata is reasonably available. The Parties agree to produce electronic spreadsheets, presentations, desktop databases, audio/visual multimedia files as native files.  If the receiving Party, for good cause explained in the request and subject to the proportionality standard, seeks production in native format of specifically identified ESI produced originally in TIFF format, the producing Party shall respond reasonably and in good faith to any such request.  Each Party may make requests, for good cause and subject to the proportionality standard, for production of specifically identified documents in color.  If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

If discoverable data from any Enterprise database, database management system, or other structured data system ("Structured Data System") can be produced in an already existing and reasonably available report, the Producing Party may collect and produce the data in that report format.  If an existing report form is not reasonably available, the producing Party may make reasonable efforts to export from the Structured Data System discoverable information in a format compatible with Microsoft Excel or Microsoft Access and may produce such information in that native format.

### 7. EMAIL THREADING

Email threads are email communications that contain lesser-included email communications that also may exist separately in the Party's electronic document collection. A most-inclusive email is one that contains unique content and all the lesser-included emails,

including attachments, for that branch of the email thread.  The Parties agree that removal of available lesser-included emails from potential production will reduce all Parties' costs of document review, production, and litigation-support hosting, and, when producing the most-inclusive email in a thread, the parties need not also produce lesser-included emails in the thread.

**8. DUPLICATE ESI**

"Duplicate ESI" means files that are exact duplicates based on the files' MD5 hash, SHA-1 hash, email duplicate spare messages (as defined by Relativity) or SHA-256 hash values. The Producing Party need produce only a single copy of responsive Duplicate ESI. A Producing Party shall take reasonable steps to de-duplicate ESI globally (i.e., both within a particular custodian's files and across all custodians). Entire document families may constitute Duplicate ESI. De-duplication shall not break apart families. When the same Duplicate ESI exists in the files of multiple custodians, the additional custodians shall be listed in the OTHER_CUSTODIANS field.

**8. PHASING**

The Parties agree to meet and confer concerning whether the production of responsive ESI should occur in phases, by prioritizing selected sources, custodians, topics and/or aspects of the case.

**9. DOCUMENTS PROTECTED FROM DISCOVERY**

a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b) Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Documents and communications withheld for privilege may be identified on a privilege log by category, rather than individually, if appropriate.

**10. MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the

Court for good cause shown.

[Signatures on following page.]

1    **IT IS SO STIPULATED**, through Counsel of Record.

2

3    Dated:  September 1, 2023

4

5    **GUTRIDE SAFIER LLP**                    **FARELLA BRAUN+ MARTEL LLP**

6    *s/ Hayley A. Reynolds*                   Thomas B. Mayhew (State Bar No. 183539)
     Seth A. Safier (State Bar No. 197427)     tmayhew@fbm.com
7    seth@gutridesafier.com                    Elizabeth A. Dorsi (State Bar No. 282285)
     Marie A. McCrary (State Bar No. 262670)   edorsi@fbm.com
8    marie@gutridesafier.com                   Daniel A. Contreras (State Bar No. 329632)
     Hayley A. Reynolds (State Bar No. 306427) dcontreras@fbm.com
9    hayley@gutridesafier.com                  235 Montgomery Street, 17th Floor
     100 Pine Street, Suite 1250               San Francisco, CA 94104
10   San Francisco, CA 94111                   Telephone: (415) 954-4400
     Telephone: (415) 639-9090                 Facsimile: (415) 954-4480
11   Facsimile: (415) 449-6469

12   *Attorneys for Plaintiffs*                 **PATTERSON BELKNAP WEBB &
                                                TYLER LLP**
13
                                               *s/ Hannah Brudney*
14                                             Joshua Kipnees (pro hac vice)
                                               jkipnees@pbwt.com
15                                             Hannah Brudney (pro hac vice)
                                               hbrudney@pbwt.com
16                                             Elianni de la Cruz (pro hac vice)
                                               edelacruz@pbwt.com
17                                             1133 Avenue of the Americas
                                               New York, NY 10036
18                                             Telephone: (212) 336-2110

19

20                                             *Attorneys for Defendant L'Oréal USA, Inc.*

21

22

23

24

25

26

27

28

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:   9/6/2023

The Honorable Haywood S. Gilliam, Jr.
United States District Judge

1

2

**Exhibit A**
**Production Fields**

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| DOCID | Unique document reference (can be used for de-duplication). |
| BEGDOC | Bates number assigned to the first page of the document. |
| ENDDOC | Bates number assigned to the last page of the document. |
| BEGATTACH | Bates number assigned to the first page of the parent document in a document family (i.e., should be the same as BEGDOC of the parent document, or PARENTDOC). |
| ENDATTACH | Bates number assigned to the last page of the last child document in a document family (i.e., should be the same as ENDDOC of the last child document). |
| PARENTDOC | BEGDOC of parent document. |
| CHILDDOCS | List of BEGDOCs of all child documents, delimited by ";" when field has multiple values. |
| CUSTODIAN | Owner of the document or file. |
| FROM | Sender of the email. |
| TO | All to: members or recipients, delimited by ";" when field has multiple values. |
| CC | All cc: members or recipients, delimited by ";" when field has multiple values. |
| BCC | All bcc: members or recipients, delimited by ";" when field has multiple values. |
| SUBJECT | Subject line of the email. |
| DATERCVD | Date that an email was received. |
| TIMERCVD | Time that an email was received. |
| DATESENT | Date that an email was sent. |
| TIMESENT | Time that an email was sent. |
| ATTACHMENTS | List of filenames of all attachments, delimited by";" when field has multiple values. |
| FILENAME | Original filename of the produced document. |
| DOCEXT | Original file extension. |
| DOCTYPE | Name of the program that created the produced document. |
| TITLE | Document title (if entered). |
| AUTHOR | Name of the document author. |
| REVISION | Number of revisions to a document. |
| FILESIZE | Original file size in bytes. |
| PGCOUNT | Number of pages per document. |
| MDHASH | MD5 hash value computed from native file (a/k/a file fingerprint). |

**Exhibit B**
**Privilege Log Fields**

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| PrivLog # (generic number) | Generic field for tracking purposes (i.e. 1, 2, 3). |
| Begin Bates | Beginning Bates number of document. |
| End Bates | Ending Bates number of document. |
| Document Type | General type of record (i.e., Outlook, PDF, PowerPoint Presentation). |
| Family Relationship | Parent, Child, or Standalone. |
| Date | The date of the parent document (for emails, this is date sent; for non-emails, this is date last modified). |
| Author | Author(s) or sender(s) of document (for emails, this is the From field; for non-emails, this is the person who created the file). |
| Recipients | Derived from the To field. |
| Other Recipients | Derived from the CC and BCC fields. |
| Privilege Claimed | Type of privilege claimed (i.e., Attorney-Client or Attorney Client - Work Product, etc.). |
| Description | Description of Privilege Claim. |
| Treatment | How the document was treated with regards to production (i.e., Withheld, Redacted, Non-Responsive – Attachment, Non-Responsive – Privileged). |