UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN ZIMMERMAN, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>L'OREAL USA, INC.,<br><br>   Defendant. | Case No. 22-cv-07609-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 64 |

Pending before the Court is Defendant L'Oréal USA, Inc.'s motion to dismiss. Dkt. No. 64 ("Mot."). The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7 1(b). For the reasons detailed below, the Court GRANTS in part and DENIES in part the motion.

**I.    BACKGROUND**

Plaintiffs Lynn Zimmerman, Toni Heuchan, and Marie Giordano filed this putative class action alleging that Defendant misleadingly advertises the sunscreen benefits of some of its cosmetic products. Dkt. No. 9 ("FAC.").[1]

Plaintiff Zimmerman alleges that she purchased L'Oréal Infallible Fresh Wear 24HR Foundation ("Fresh Wear" or "Fresh Wear foundation") on multiple occasions from local retailers. *Id*. ¶ 60. Zimmerman further alleges that the foundation's front label statements claiming it

---

[1] The Court **GRANTS** Defendant's request for judicial notice of the product labels. *See* Dkt. No. 65. Defendant only requests notice of the full product labels for those foundations specifically referenced and pictured in Plaintiffs' own FAC. *See* Dkt. Nos. 65-2, 65-3. These labels are central to Plaintiffs' claim and their authenticity is not in question. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The Court **DENIES** Defendant's request for judicial notice of three dictionaries' definition of the word "foundation," because they are not relevant to the Court's analysis. And even if the Court had considered these definitions, they could not properly be used to dispute the allegations of the complaint, and would not change the conclusions in this order.

provides "Up to 24HR Breathable Texture," "Up to 24H Fresh Wear," and "Sunscreen Broad Spectrum SPF 25" led her to believe that the foundation provided 24 hours of sunscreen protection. *Id*. ¶ 61. However, as alleged, the product's Sun Protection Factor ("SPF") lasts only two hours. *Id*. ¶ 3. The drug facts panel, located underneath a peel-back sticker on the back label, directs users to "reapply at least every 2 hours" for sunscreen use. *Id*. ¶ 42. Zimmerman contends that she would not have purchased, or would have paid less for the foundation had she known that it would not provide 24 hours of sunscreen protection. *Id*. ¶¶ 65–66.[2]

Plaintiff Heuchan alleges that she purchased L'Oréal Infallible Pro-Glow Foundation ("Pro-Glow" or "Pro Glow foundation") on multiple occasions from local retailers. *Id*. ¶ 67. Huechan alleges that the foundation's front label statements claiming it provides "Up to 24HR Foundation," "OCTINOXATE Sunscreen," and "Broad Spectrum SPF 15" led her to believe that the foundation provided 24 hours of sunscreen protection. *Id*. ¶ 68. However, as alleged, the SPF does not last 24 hours and must be reapplied six to twelve times a day for protection. *Id*. ¶ 69. Like the Fresh Wear foundation, Pro Glow also has a drug facts panel located underneath a peel-back sticker on the back label, directing users to "reapply at least every 2 hours" for sunscreen use. *Id*. ¶ 42. Huechan contends that she would not have purchased, or would have paid less for, the foundation had she known that it would not provide 24 hours of sunscreen protection. *Id*. ¶¶ 71–72.

Plaintiff Giordano alleges similar facts as her co-Plaintiffs. She alleges that she purchased "Lancome Teint Idole Ultra 24H Long Wear Matte Foundation" ("Teint" or "Teint foundation") from her local Walmart. *Id*. ¶ 74. Giordano alleges that the foundation's front label statements claiming it provides "Octinoxate Sunscreen" "Broad Spectrum SPF 15," and "Up To 24H Color Wear & Comfort" led her to believe that the foundation provided 24 hours of sunscreen protection.

---

[2] Previously, the Court denied Defendant's motion to dismiss Zimmerman's claims based on the alleged mislabeling of the Fresh Wear foundation. *See* Dkt. No. 44. However, Zimmerman had also brought claims for two other products which she did not herself purchase. The Court granted Defendant's motion to dismiss those claims with leave to amend, finding that Zimmerman did not have standing. *See id*. In the FAC, Plaintiffs Huechan and Giordano bring claims regarding the two products for which Zimmerman initially did not have standing to seek relief.

2

*Id.* ¶ 75. And like Zimmerman and Heuchan, Giordano alleges that Teint did not in fact provide 24-hour SPF protection, and had she known this, she would not have purchased it, or at minimum, would not have paid as much as she did for it. *Id.* ¶¶ 76–78. However, unlike her co-Plaintiffs, Giordano's portion of the FAC does not allege that the Teint foundation's drug panel facts are located underneath a peel-back sticker on the back.

Based on these allegations, Plaintiffs bring causes of action for violations of California's Unfair Competition Law, False Advertising Law, and Consumer Legal Remedies Act, as well as for unjust enrichment and common law fraud, deceit, and/or misrepresentation. *Id.* ¶¶ 90–135. Defendants now move to dismiss the claims brought by Plaintiffs Heuchan and Giordano.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 9(b) imposes a heightened pleading standard where fraud is an essential element of a claim. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see also Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). A plaintiff must identify "the who, what, when, where, and how" of the alleged conduct, so as to provide defendants with sufficient information to defend against the charge. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

3

1    In reviewing the plausibility of a complaint, courts "accept factual allegations in the
2 complaint as true and construe the pleadings in the light most favorable to the nonmoving party."
3 *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nevertheless,
4 courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of
5 fact, or unreasonable inferences."  *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir.
6 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

**III.    DISCUSSION**

Defendant argues that Plaintiffs Heuchan and Giordano fail to plausibly allege that a reasonable consumer is likely to be deceived.  Mot. at 8–22.  Similar to the argument made in its prior Motion to Dismiss, *see* Dkt. No. 26, Defendant argues that the 24-hour statements clearly refer only to cosmetic benefits, and that a reasonable consumer would refer to the back label, which clarifies that the SPF lasts only two hours.  *Id.* at 22.  Plaintiffs respond that a reasonable consumer could believe the statements also include SPF protection.  Opp. at 4–11.  The Court disagrees with Defendant with respect to Plaintiff Heuchan, but agrees with respect to Plaintiff Giordano.

The parties agree Plaintiffs' claims are governed by the "reasonable consumer" test.  *See Williams v. Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008).  "Under the reasonable consumer test, [Plaintiffs] must show that members of the public are likely to be deceived."  *Id.* (quotations omitted).  "'Likely to deceive' implies more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner."  *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003).  Rather, the test is whether "it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled."  *Id.*

In a recent product labeling case, the Ninth Circuit held that where "a front label is ambiguous, the ambiguity can be resolved by reference to the back label."  *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1099 (9th Cir. 2023).  In *McGinity*, the defendant's shampoo and conditioner bottles displayed the phrase "Nature Fusion" next to a picture of an avocado on a leaf.  *Id.* at 1096.  The plaintiffs argued that this labeling misrepresented the products as all-natural.  *Id.*

4

1  The court disagreed. *Id.* at 1098–99.  Because the phrase "Nature Fusion" is ambiguous (*i.e.*, it could mean either a mixture of natural ingredients or a mixture of natural and non-natural ingredients), a reasonable consumer would consider all of the information available at the time of purchase, including the back labels.  *Id.*  The products' drug facts panels, plainly visible on the back labels, listed synthetic ingredients.  *Id.*; *see also Moore v. Trader Joe's Co.*, 4 F.4th 874, 881–85 (9th Cir. 2021) (affirming "the general principle that deceptive advertising claims should take into account all the information available to consumers and the context in which that information is provided and used") (quotation omitted).

### A. Pro Glow Foundation

Here, like in *McGinity*, the front label statement is ambiguous.  Defendant argues that "Up to 24H Foundation" should be interpreted to refer only to the product's cosmetic benefits, while Plaintiff argues that this phrase could be interpreted to include sunscreen protection.  *See* Mot. at 15–16; Opp. at 5–6.  As Plaintiff acknowledges, the "Up to 24H Foundation" statement puts at issue whether "sunscreen [is] an ingredient of the foundation."  Opp. at 6.  However, unlike *McGinity*, it is not clear that this ambiguity "can be resolved by reference to the back label."  *See* 69 F.4th at 1099.  The back label instructions to "reapply at least every 2 hours" for sunscreen use are printed underneath a peel-back sticker, not immediately visible to consumers at the time of purchase.  *See* FAC ¶¶ 43–44.  The Court cannot conclude as a matter of law that a reasonable consumer would peel back the label in the store, before purchasing the product, to find and read these instructions.  *See Broomfield v. Craft Brew All., Inc.*, No. 17-CV-01027-BLF, 2017 WL 3838453, at *7 (N.D. Cal. Sept. 1, 2017), *on reconsideration in part*, No. 17-CV-01027-BLF, 2017 WL 5665654 (N.D. Cal. Nov. 27, 2017) (concluding that back label disclaimers that are obstructed by packaging at the time of purchase cannot cure front label ambiguity).

The Court thus concludes that Plaintiff Heuchan has plausibly alleged that the Pro Glow label would deceive a reasonable consumer.  The Court **DENIES** Defendant's motion to dismiss on this basis.

### B. Teint Foundation

As with Pro Glow, the Teint foundation's front label is ambiguous. Defendant argues that "Up to 24H Color Wear & Comfort" applies strictly to cosmetic benefits, namely, that it "provides lasting 'color' and 'comfort' on the skin for up to 24 hours." Mot. at 9–10. Plaintiff argues that a reasonable consumer would interpret the front label to provide 24 hours of the listed benefits, including SPF 15. Opp. at 10. The statement "Octinoxate Sunscreen Broad Spectrum SPF 15" appears right above the "24H Color Wear & Comfort" statement. FAC ¶ 23. The "24H Color Wear & Comfort" statement reasonably could be interpreted (at least arguably) to mean that if the consumer wears this foundation, the SPF protection could last for 24 hours. However, unlike Pro Glow, the back label for the Teint foundation resolves any ambiguity. The back label instruction – located directly on the back of the product and not under a peel-back sticker – directs customers to "reapply at least every 2 hours" "for sunscreen use." Dkt. No. 65-2. In *McGinity*, the Court determined that the back label's ingredient list and description clarified any ambiguity that the front label otherwise created. 69 F.4th at 1099. Similarly, the Teint product's back label clarifies that octinoxate 3% is the active ingredient and that its "purpose" is "sunscreen," and directs that for sunscreen use, the product must be reapplied every 2 hours. Accordingly, the Court concludes that Plaintiff Giordano has failed to plausibly allege that the Teint label would deceive a reasonable consumer, and **GRANTS** Defendant's motion to dismiss her claim. Because the Court concludes that amendment would be futile, given the facts already pled or judicially noticeable, dismissal of her claims is without leave to amend. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988–99 (9th Cir. 2001) ("A plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts.").

### IV. CONCLUSION

The Court GRANTS IN PART and DENIES IN PART Defendant's motion to dismiss. The Court DENIES the motion with respect to Plaintiff Heuchan's claims. The Court GRANTS the motion with respect to Plaintiff Giordano's claims. Plaintiff Giordano's claims based on the Teint foundation products are DISMISSED without leave to amend.

The Court further SETS a case management conference on January 9, 2024, at 2:00 p.m.

1  The parties should be prepared to discuss how to move this case forward efficiently. All counsel
2  shall use the following dial-in information to access the call:
3  Dial-In: 888-808-6929;
4  Passcode: 6064255
5      All attorneys and pro se litigants appearing for a telephonic case management conference
6  are required to dial in at least 15 minutes before the hearing to check in with the courtroom
7  deputy. For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and
8  where at all possible, parties shall use landlines.
9      The Court further DIRECTS the parties to meet and confer and submit a joint case
10 management statement by January 2, 2024.
11 **IT IS SO ORDERED.**
12 Dated: 12/8/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge